## ESTATE OF UBALDO SELNA, JR.

No. 7524—Jan. 27, 1879.

DEVISE.—A FUTURE CONTINGENT INTEREST VESTS IN BENEFICIARY SO AS TO BE THE SUBJECT OF A SUCCESSION.

ADMINISTRATOR'S ACCOUNT.—The account of an administrator cannot be settled until there has been an appraisement of the property in the inventory on file.

Construing sections, C. C., 678, 680, 688, 690, 693–5, 699, 1384.

*George & Loughborough,* for administrator.

Ubaldo Selna, senior, died testate, leaving him surviving a widow and two sons, Primo and Ubaldo.   The will, after making some money legacies, devised and bequeathed all the remainder of testator's property to David Porter and Peter A. Gianinni, in trust, to hold, manage, and invest the same for and during the life of his mother, Pavola Selna, and from the income thereof to pay her twenty dollars per month until her death, and the remainder of the income to pay or expend for the use of said sons; and "from and after the death of my said mother, I do give, devise, and bequeath all the said rest, residue, and remainder of my property, and all accumulations thereof, if any, and all the property into which the same, or any part thereof, may then have been converted or invested by said trustees, or either of them, unto my said sons, Primo and Ubaldo, share and share alike."

The estate of Ubaldo Selna, senior, has been administered and distributed to the trustees upon the trusts named in the will.   The entire amount thus distributed in trust was about $37,000, on deposit in various savings banks, which amount has ever since been and is held by the trustees.   Said Ubaldo

Selna, junior, died December 21, 1876, under six years of age. Pavola Selna, the mother of Selna, senior, is still living.

Upon the request of the mother of Ubaldo Selna, junior, letters of administration of the estate of said child were granted to David Porter, one of the trustees under the will of Selna, senior, and an inventory (but no appraisal) was returned, in which the property is stated to be in substance as above set forth, being the undivided one-half of about $37,000, in the hands of said trustees as aforesaid, and being expectant upon the death of said Pavola Selna, now living. The administrator has rendered his account for settlement, in which he charges himself with nothing received, stating the same facts as to the interest of the deceased child, and credits himself with paid clerk's fees, etc., $13.50; physician's bill, $25; burial expenses, $634 50; administrator's commissions, $850, and attorney's fees, $500; and asks that the account be settled and the interest of the deceased child in the trust fund be distributed, one-half to the mother of the child, and the other half to his brother Primo.

The point for consideration is, whether the child, Ubaldo Selna, junior, had such an interest, at the time of his death, in the funds in the hands of the trustees, under his father's will, as could be administered upon and distributed to his heirs at law.

The following are the provisions of the Civil Code, bearing upon the subject:

Sec. 678.   The ownership of property is either:
1.   Absolute; or, 2.   Qualified.

Sec. 680.   The ownership of property is qualified:
2.   When the time of enjoyment is deferred.

Sec. 690.   A future interest entitles the owner to the possession of the property only at a future period.

Sec. 694.   A future interest is vested when there is a person in being who would have a right, defeasible or indefeasible, to the immediate possession of the property upon the ceasing of the intermediate or precedent interest.

Sec. 695. A future interest is contingent whilst the event upon which it is limited to take effect remains uncertain.

Sec. 699. Future interests pass by succession, will, and transfer, in the same manner as present interests.

Sec. 1384. The property of one who dies intestate passes to the heirs of the intestate.

Under these provisions, the interest of Ubaldo Selna, junior, in the property left by his father's will to the trustees, and the unexpended income thereof, was, in his lifetime, a vested future contingent interest; which upon his death passed by succession to his heirs, viz: his mother and brother.

The account of the administrator cannot be settled until the value of the estate at the time of the death of Ubaldo, junior, shall be ascertained; the commissions will depend upon that value. The item, $25 for services of physician, will be disallowed, the mother of the child being liable for that; and the item of attorney's fees will be reviewed.